DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 368 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Jacqueline D. Nyegran, | ) | SECTION 3553(a) |
| | ) | |
| Defendant. | ) | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Jacqueline Nyegran.  The Court determined that the defendant's total offense level was 11 with a criminal history category of II[1] calling for a sentencing range under the advisory sentencing guidelines of 10 to 16 months in Zone C.  Counsel for the defendant, in a sentencing memorandum, advocated for a downward variation.  The Court granted the same and reduced the guideline range to six to 12 months with the understanding that the defendant was not eligible for probation.  At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of one day because the crime for which she stands convicted was not subject to an order of probation.  As a condition of supervised release for a period of three years, the Court required that the defendant

---

[1]The defendant has two convictions.  The first is for theft in 1999 and the second convictions is for receiving stolen property.  Each conviction called for one criminal history point.  Two additional points were added to the criminal history because the defendant was in inactive probation when the instant offense was committed.  The Court determined that the criminal history category III overstated her criminal history and the court reduced the criminal history to II.

(1:06 CR 368)

be in home detention with electronic monitoring for a period of six months with work release

privileges and with an order to pay restitution in the sum of $89,120.00 to Electrolux.  The Court

makes the further observation that the codefendant, Regina Thornton, has been ordered to make

restitution in the sum of $189,185.77.  To the extent that Regina Thornton makes restitution

beyond the difference between the sum of $189,185.77, then the remaining obligation to make

restitution shall be joint and several between the codefendant Regina Thornton and the defendant

Jacqueline Nyegran.

### II.  The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the

statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply

with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the

particular sentence to be imposed, shall consider -

**(1)  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

> During the period from October 22003, through January 2005, Regina Thornton was employed in the Claims Department of Electrolux in Cleveland, Ohio.  Thornton devised and executed a scheme whereby she created false and fraudulent claims which reflected an individual's name, the type of damage, and an amount for damage.  These fraudulent claims caused Electrolux to issue unauthorized checks as payment for those fraudulent claims.

> More specifically, the defendant, Jacqueline D. Nyegran, aided and abetted Thornton by providing individuals' names to Thornton for the fraudulent claims.  Nyegran also assisted Thornton by

2

(1:06 CR 368)

> receiving a number of the unauthorized checks from Thornton and
> causing them to be negotiated, at all times knowing full well that
> the subject checks were not legitimate.  Thornton cause Electrolux
> to issue 33 unauthorized checks for fraudulent claims totaling
> $189,185.77.  Nyegran aided and abetted Thornton in negotiating
> 15 of those checks totaling approximately $89,100.20.  The
> proceeds from these checks were divided among Thornton,
> Nyegran and the individual payees on the checks.
>
> Upon the issuance of each check, an electronic wire
> communication was transmitted from Electrolux in Cleveland,
> Ohio, which notified Bank One in Chicago, Illinois, that the
> particular check would soon be presented to the bank for payment.

The defendant's acceptance of responsibility is set forth in paragraph nine of the

presentence report as follows:

> On October 23, 2006, the defendant was interviewed in the
> presence of her attorney.  She submitted a written statement which
> reads as follows: *During the time period stated in the Indictment, I
> assisted Regina Thornton in a scheme to commit wire fraud.
> Specifically, I assisted Ms. Thornton by providing names and by
> assisting in negotiation of some of the fraudulent checks.  All of the
> checks, to my knowledge, were issued by Electrolux.  I know what I
> did was wrong and I accept responsibility for it."*

The defendant was born in 1959 and is presently 47 years of age.  She is unmarried but

the mother of two children.  The older child is 20 and resides in Cleveland and the younger child

is 17 and resides with the defendant.  The defendant reports that she receives no child support

from the children's father nor do they have contact with him.

The defendant reports that her health is in fair condition.  She has been diagnosed with a

pituitary tumor and takes several medications as a result.  The defendant also reports having self-

esteem issues due to her weight which is listed as 246 pounds in the presentence report, and as a

consequence, she reports that she suffers from mild depression and takes the prescription drug

3

(1:06 CR 368)

Zoloft.  The defendant also reports that she has a prior history of drug abuse with both marijuana and cocaine, but that she has been free of both substances for four years.

The defendant is a high school graduate and is currently employed with Dry Clean USA as the manager since February, 2003 earning $8.70 an hour.  She has also been employed as a cashier and a billing clerk.

The Court previously sentenced the codefendant, Regina Thornton, to a sentence of 15 months.  It is apparent that the fraudulent scheme was developed by the codefendant whereby Thornton created the false and fraudulent claims causing Electrolux to issue unauthorized checks.

### (2)  The Need for the Sentence Imposed

#### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

The Court is of the view that the sentence as imposed and described is sufficient to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.  The defendant continues to maintain employment and she will have the obligation to make restitution, probably for the balance of her life.  The order of restitution coupled with one day incarceration and six months of home detention with electronic monitoring, under the circumstances of this case, is sufficient to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense.

#### (B)  to afford adequate deterrence to criminal conduct;

The Court's sentence is subject to criticism in that an impartial observer could make the valid argument that the sentence will not afford adequate deterrence to criminal conduct.

4

(1:06 CR 368)

Nevertheless, the Court has considered the defendant's health condition, her contrite acceptance of responsibility, her commitment to her 17 year old daughter and her opportunity for continuing employment, coupled with the order of restitution, and concludes that the sentence does provide adequate deterrence.

**(C)  to protect the public from further crimes of the defendant;**

The defendant's prior criminal record is a cause for concern.  However, the Court is of the view that the defendant will avoid further criminal conduct.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

As the Court's sentence avoids incarceration, absent a subsequent violation of supervised release, the defendant will not be provided with education or vocational training, medical care or other correctional treatment.

**CONCLUSION**

For the reasons set forth herein, a sentence of one day with supervised release for three years, subject to the condition that the defendant be placed in home detention for six months with work release privileges, coupled with an order of restitution in the amount of $89,100.20, is a

5

(1:06 CR 368)

sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §

3553(a)(2).


      IT IS SO ORDERED.


 January 2, 2007                                 /s/ David D. Dowd, Jr.           
Date                                           David D. Dowd, Jr.
                                               U.S. District Judge

6